UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALEJANDRO VEGA,
                              Plaintiff,

                vs.                                                    9:07-CV-0205
                                                                        (NAM)(RFT)

HARRY LAPPIN; T.R. CRAIG; C.E. MILLER; DR.
DAWN MARINI; JOHN DOE; and HUGH G. HARRIS,

                              Defendants.
_____

APPEARANCES:                              OF COUNSEL:

Alejandro Vega
20253-038
FCI, MB
P.O. 1500
Butner, NC 27509
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

                              **DECISION and ORDER**

        Plaintiff Alejandro Vega commenced this action on February 26, 2007.  Dkt. No. 1. Plaintiff was

thereafter directed to file an amended complaint.  Dkt. No. 6.  After receiving an extension of time to do

so, *see* Dkt. No. 7, plaintiff filed an amended complaint on May 22, 2007.  Dkt. No. 8.  Presently before

this Court is plaintiff's motion for injunctive relief.  Dkt. No. 18.  Plaintiff seeks an Order prohibiting

F.C.I. Butner's "Clemson Unit Team" from transferring plaintiff from F.C.I. Butner, where plaintiff is

currently incarcerated.  *Id*.

        The standard a court must utilize in considering whether to grant a request for

injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi,* 967

F.2d 73 (2d Cir.1992), the movant must show: (a) irreparable harm *and* (b) either (1) a likelihood of

success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance

of hardships tipping decidedly toward the party seeking injunctive relief. *Id.* at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Rouccio v. LeFevre,* 850 F.Supp. 143, 144 (N.D.N.Y.1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

The "Clemson Unit Team" is not a party to this action. Plaintiff is advised that, except in limited circumstances not relevant herein, a Court may not order injunctive relief as to nonparties to an action. *See* Rule 65(d) of the Federal Rules of Civil Procedure ("[e]very order granting an injunction ... is binding only upon the parties to the action ..."); *United States v. Regan,* 858 F.2d 115, 120 (2d Cir.1988); *Sumpter v. Skiff,* No. 9:05-CV-0869, 2006 WL 3453416, at *1 (N.D.N.Y. Nov. 28, 2006). Since the "Clemson Unit Team" at F.C.I. Butner is not a party to this action, the Court denies plaintiff's request for injunctive relief against the "Clemson Unit Team."

Moreover, to the extent that plaintiff seeks incarceration in a specific facility, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Thus, there is no legal basis for this Court to order that plaintiff remain in his current facility.

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 18) is DENIED, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff.

IT IS SO ORDERED.

Dated: November 8, 2007

Norman A. Mordue
Chief United States District Court Judge